CAMPBELL, Acting Chief Judge.
The state appeals the order of the trial court granting appellee’s motion to dismiss the delinquency petition filed against him. We agree with the state that the trial court erred in dismissing the petition and reverse.
A petition alleging delinquency was filed in June 1995 based on an alleged battery that had been committed by appellee in November 1994. In his motion to dismiss the delinquency petition, appellee argued that he was prejudiced by the late filing of the petition since he was unaware of the charge until April 1995 and could not provide an alibi or the names of witnesses to the incident. Ap-pellee also alleged prejudice in that the par *960 ents of two of his witnesses were reluctant to bring their children to testify because of the delay.
Since appellee was never “taken into custody” within the meaning of section 39.01(51), Florida Statutes (1993), and the delinquency petition was filed approximately seven months after the incident, well within the two-year statute of limitations for battery, we decline to hold that appellee was so prejudiced by a seven-month delay in filing to justify dismissal.[1] Accordingly, we reverse the order of dismissal and remand with directions to reinstate the petition.
SCHOONOVER and BLUE, JJ., concur.

. While not pertinent to our holding in this case, we would observe that the legislature repealed section 39.048(6), Florida Statutes (1991), providing for dismissal if a delinquency filing did not occur within forty-five days of a juvenile being taken into custody. Ch. 93-230, § 14, Laws of Fla. (1993).